UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THERON KENNETH HOLSTON,

Plaintiff,

v.

NICHOLAS PETRINOVICH, et al.,

Defendants.

No. 2:18-cv-03180-CKD-P

ORDER AND AMENDED DISCOVERY AND SCHEDULING ORDER

Plaintiff is a county inmate proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. §1983. Currently pending before the court is plaintiff's motion for various accommodations in light of his pending release from the El Dorado County Jail. ECF No. 50. Defendants have filed a response to the motion. ECF No. 51. For the reasons outlined below, plaintiff's motion will be granted as outlined herein.

Turning first to the matters that are undisputed, the court notes that defendants do not oppose plaintiff's request for a 90-day extension of the scheduling deadlines currently governing this case. ECF No. 51 at 1-2. For good cause shown and based on a lack of opposition thereto, the court will grant plaintiff's request for a 90-day extension of the discovery and pretrial motions deadlines in this case.

Next, plaintiff requests to formally serve defendants via e-mail rather than serving them with a paper copy of all future pleadings filed with the court. This request appears to be

connected to plaintiff's inability to obtain copies while incarcerated at the El Dorado County Jail. Plaintiff correctly notes in his motion that the court is unable to order the El Dorado County Sheriff's Department, an entity not a party to this action, to provide plaintiff with a copy of all of the pleadings that he files while incarcerated. Perhaps in light of these difficulties, counsel for defendants has graciously agreed to forego formal service of a hard copy of any document plaintiff files with the court. ECF No. 51 at 3. Therefore, plaintiff's request to serve defendants via e-mail with a notice of filing is granted. Plaintiff is not required to serve defendants with a paper copy of his pleadings unless further ordered to do so by the court. The date of service for all of plaintiff's filings will be the date on which the court sends the CM/ECF notification to defendants.

Lastly, plaintiff requests access to the court's electronic case management/filing system known as PACER. Defendants take no position on this portion of plaintiff's motion. ECF No. 51 at 1. Plaintiff previously made this same request which was denied by the court because plaintiff was re-incarcerated before the court could rule on the motion. ECF Nos. 43, 47, 49. In his current motion, plaintiff requests permission to use the electronic filing system starting on or about July 23, 2020, which is his expected release date from incarceration. ECF No. 50 at 1. Plaintiff further explains that PACER access will allow him to have an electronic copy of all documents in this case as he is unable to keep paper copies with him upon his release because he will be homeless. ECF No. 50 at 3. Based on this information, the court will grant plaintiff's motion to use the electronic case management/filing system[1] on a limited trial basis starting on July 23, 2020 or plaintiff's release from incarceration, whichever comes earlier.[2] See Local Rule 133(b). The court reserves the right to revoke plaintiff's e-filing status if he abuses this privilege

---

[1] The CM/ECF User Manual is available on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/cmecf-users-manual/.

[2] Plaintiff will first be required to create an online account on the PACER system with a verified e-mail address. Registration is available online at no cost at the following address: https://pacer.psc.uscourts.gov/pscof/registration.jsf?filerType=N.

by filing multiple, repetitious, or frivolous motions.[3] See ECF No. 49 at 2. Plaintiff is advised that his in forma pauperis status does not entitle him to use PACER at no cost.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 50) is granted to the extent indicated herein.
2. The parties may conduct discovery until October 15, 2020. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.
3. All pretrial motions, except motions to compel discovery, shall be filed on or before January 4, 2021. Motions shall be briefed in accordance with paragraph 8 of this court's order filed June 27, 2019.
4. All other provisions of the Discovery and Scheduling Order entered on March 19, 2020 remain in effect.
5. Plaintiff is no longer required to serve defendants with a paper copy of his pleadings unless further ordered to do so by the court. The date of service for all of plaintiff's filings will be the date on which the court sends the CM/ECF notification to defendants.
6. Plaintiff shall be permitted to use the court's electronic case management/filing system (CM/ECF) on a limited trial basis starting on July 23, 2020 or plaintiff's release from incarceration, whichever comes earlier.
7. Plaintiff is reminded of his continuing duty to notify the court of any change in address pursuant to Local Rule 182(f).

/////

/////

/////

/////

[3] Plaintiff was previously cautioned against filing multiple and repetitious motions with the court which further delay rulings on the merits of cases. See ECF No. 49 at 2.

Dated: June 5, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hols3180.miscmotion.docx