UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON KENNETH HOLSTON,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS PETRINOVICH, et al.,<br><br>Defendants. | No. 2:18-cv-03180-CKD P<br><br><br><br>ORDER |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). See ECF No. 66.

This case is proceeding on plaintiff's complaint alleging a Fourteenth Amendment excessive force claim against defendants Petrinovich and Council for events that occurred on April 27, 2017 while plaintiff was a pretrial detainee. ECF No. 9 at 2 (screening order). Currently pending before the court are separate motions to modify the discovery and scheduling order governing this case as well as plaintiff's motion to amend the complaint which defendants have opposed. ECF Nos. 80, 83, 86-87.

/////

/////

**I.       Motions to Modify the Discovery and Scheduling Order**

Defendants filed a motion to modify the discovery and scheduling order for the limited purpose of completing plaintiff's deposition as well as taking a third-party's deposition.  ECF No. 87.  In order to demonstrate diligence, the motion details the extensive efforts defense counsel has taken to initiate and complete plaintiff's deposition not only in the middle of a global pandemic, but also in light of the numerous changes in plaintiff's address and custody status.  See ECF No. 87 at 5-6.  However, additional time is needed since the discovery cut-off date in this case was January 13, 2021.  ECF No. 67 (Amended Discovery and Scheduling Order).  Defendants request a 30-day extension of time in order to complete these two depositions.  No further modifications of the Amended Discovery and Scheduling order entered on September 16, 2020 are requested.

Plaintiff's motion to modify the discovery and scheduling order seeks a 30-day extension of all discovery deadlines.  ECF No. 83.  As support therefore, plaintiff contends that he misunderstood the Amended Discovery and Scheduling Order and thought he could serve any discovery requests on defendants up until the January 13, 2021 deadline.  ECF No. 83.  As a result, plaintiff served additional discovery requests on defendants on November 30, 2020 and December 9, 2020.  ECF No. 83 at 3, ECF No. 84 at 17-36.  Defendants informed plaintiff that they would not be responding to these untimely discovery requests.  Id.  Plaintiff's request for an extension of all discovery deadlines until February 20, 2021 would render these discovery requests timely.  ECF No. 83 at 4.  Defendants oppose plaintiff's requested extension.  ECF No. 84.

**A. Legal Standards**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end.  Id.

/////

**B. Analysis**

A review of the docket indicates that the discovery and scheduling order governing this case has already been extended twice upon plaintiff's request. See ECF Nos. 52, 67. During the course of this case, plaintiff filed and then withdrew a motion to compel discovery. See ECF Nos. 75, 79. Plaintiff's current motion to modify the discovery deadlines is not persuasive in light of the history of this case.[1] Plaintiff understood that he could file a motion to compel prior to the January 13, 2021 discovery cut-off date as evidenced by his prior filing. See ECF No. 75. Nor did the discovery cut-off date require him to wait to propound discovery until 60 days prior to that date as he properly served discovery requests on defendants prior to that date. See e.g., ECF No. 84 at 4 (describing three sets of production requests, one set of interrogatories and admission requests served on defendant Petrinovich and one set of interrogatories and production requests served on defendant Council prior to November 13, 2020). Plaintiff provides no further explanation for waiting until the end of November to serve additional discovery requests on defendants. Accordingly, plaintiff does not establish the diligence required to further modify the Amended Discovery and Scheduling Order. The court will deny his motion to extend all discovery deadlines until February 20, 2021.

However, defendants have demonstrated the requisite diligence in deposing plaintiff as well as a third-party witness who has been on leave from her job as a Registered Nurse at Marshall Hospital. In light of this diligence, the court will grant defendants' limited request for an extension of time for the purpose of completing these two depositions by February 12, 2021.

As part of his motion to modify the discovery and scheduling order, plaintiff also requests permission to use the CMECF system again. ECF No. 83. On October 7, 2020 the court revoked plaintiff's CMECF filing status **for the duration of this case**. ECF No. 70. Plaintiff's December 11, 2020 motion to reinstate his ability to use CMECF presents no argument in support of such request. Accordingly, his request is denied. Furthermore, plaintiff is cautioned against filing

---

[1] The court finds it unnecessary to review plaintiff's litigation history in twelve other civil cases filed in this court as defendants argue in opposition to his motion to amend the discovery and scheduling order. See ECF No. 84 at 3-

3

repetitious and frivolous motions as the court has now considered five separate requests or motions from plaintiff concerning his CMECF filing status. See ECF Nos. 29, 43, 47, 50, 83. As a result, any further motions or request to reinstate his CMECF status will be stricken from the docket as filed in violation of a court order.

## II.     Motion to Amend the Complaint

On December 4, 2020, plaintiff filed a motion for leave to file a first amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. ECF No. 80. Plaintiff contends that his original complaint did not clearly articulate separate claims based on his unreasonable seizure and the use of excessive force against him during his arrest. ECF No. 80 at 4. His arrest preceded his treatment at Marshall Hospital where the claims giving rise to his initial complaint occurred. According to plaintiff, amendment is appropriate at this juncture because he just learned that there was no videotape evidence from Marshall Hospital on November 4, 2020.[2] ECF No. 80 at 3.

In conjunction with his motion to amend, plaintiff submitted a proposed first amended complaint. ECF No. 81. The proposed amended complaint seeks to add eight defendants to this action. However, plaintiff acknowledges that some of these new defendants are not law enforcement personnel responsible for his arrest and that he will move to dismiss them "when that determination is made in discovery." ECF No. 81 at 2. In his first claim for relief, plaintiff alleges that his seizure by law enforcement officers on April 27, 2017 violated the Fourteenth Amendment because: 1) he was handcuffed behind his back even though he had just broken his arm; and, 2) he was not drunk in public as the officers claimed. ECF No. 81 at 8-13. The second claim for relief alleges an excessive force claim under the Fourteenth Amendment against "several officers" based on the manner in which plaintiff was handcuffed while at Marshall Hospital following his arrest. ECF No. 81 at 14-20. While plaintiff acknowledges that he "is not absolutely certain as to the identity of the defendants" involved in handcuffing him at the

---

[2] The exhibit attached to plaintiff's motion indicates that this was the second time that plaintiff was notified that there was no videotape footage of the date in question from Marshall Hospital. ECF No. 80 at 10.

4

hospital, he does specify that defendant Petrinovich was responsible for grabbing plaintiff's left wrist and pushing it upward while handcuffed. ECF No. 81 at 14-15, 19.

Defendants oppose the motion to amend on the grounds that it is prejudicial to defendants and because the proposed amendment is futile and unnecessary. ECF No. 86. First and foremost, defendants assert that allowing plaintiff to amend his complaint when the discovery period has almost closed is prejudicial. Adding eight new defendants to this lawsuit at this late juncture will unduly prejudice all the defendants because the case would essentially "start anew." ECF No. 86 at 8. The identities of the new defendants were known to plaintiff "no later than August 2020." ECF No. 86 at 2. "There is simply no evidence that plaintiff has actively and diligently sought the identity of the law enforcement officers and paramedic/fire dept. personnel that he now seeks to add to this lawsuit." ECF No. 86 at 7. Furthermore, plaintiff was informed that there was no hospital videotape responsive to his discovery request on or about September 26, 2020 and not November 4, 2020 as plaintiff indicated. ECF Nos. 86 at 4, 86-6 at 6-7. Defendants further contend that the proposed amendment is futile because plaintiff fails to specify "what conduct each Defendant engaged in to give rise to a constitutional violation." ECF No. 86 at 2. Therefore, the first amended complaint fails to state a cognizable claim against any defendant.

**A. Legal Standards**

A court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

**B. Analysis**

The court will analyze the factors involved in obtaining leave to amend in reverse order. Turning first to the issue of undue delay, plaintiff filed his motion to amend approximately one month before the discovery cut-off date. See ECF No. 67 (Amended Discovery and Scheduling Order). Defendants point out that plaintiff had obtained the identities of the eight new defendants "no later than August 2020." ECF No. 86 at 2. To the extent that plaintiff relies upon the

5

absence of videotape evidence from Marshall Hospital to explain his further delay in amending, this is unavailing because his proposed new claims arise from the point of his initial arrest and not his treatment at the hospital. Even assuming that the lack of videotape evidence is somehow related to the amended claims, plaintiff still delayed an additional two months after learning this information before he filed his motion to amend. Based on this record, the court finds that plaintiff has not been diligent and has unduly delayed amending his complaint.

With respect to the next factor concerning the futility of amendment, the court finds that the proposed first amended complaint fails to state any cognizable Fourteenth Amendment claim against any of the new defendants. Plaintiff fails to link any of these eight defendants to the alleged constitutional violations. While plaintiff is able to identify these defendants by name, he does not identify what specific actions each one engaged in that constituted an unreasonable seizure or excessive force. In order to state a claim, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Based on the court's review of plaintiff's proposed first amended complaint, leave to amend is futile for failing to state a claim upon which relief may be granted.

Last, but certainly not least, allowing plaintiff to amend his complaint at this point would be overly prejudicial to defendants.[3] Amendment would prejudice defendants because it would result in undue delay necessitated by service of process and the re-opening of discovery. For all these reasons, the court denies plaintiff's motion for leave to amend his complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the discovery and scheduling order (ECF No. 83) is denied for the reasons explained in this order.
2. Defendant's motion for a 30-day extension of time to complete discovery (ECF No. 87) is granted. The parties shall complete all outstanding discovery depositions by February 12, 2021. No other discovery shall be permitted.

---

[3] The court finds it unnecessary to discuss the third factor of bad faith because the remaining factors are dispositive of plaintiff's motion.

3. All other deadlines and provisions of the September 16, 2020 Amended Discovery and Scheduling Order remain in effect.

4. Plaintiff's motion for leave to amend his complaint (ECF No. 80) is denied.

5. Plaintiff is cautioned that his failure to appear at his own deposition shall result in sanctions including the possible dismissal of this case pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.

6. The parties are advised that any discovery disputes may be submitted to the court for resolution via an informal telephonic conference as outlined in the case management procedures on the United States District Court for the Eastern District of California's webpage for Magistrate Judge Carolyn Delaney.  See https://tinyurl.com/yy7nl925.

7. Any further requests or motions from plaintiff to reinstate his CMECF status shall be stricken from the docket as filed in violation of a court order.

Dated: January 26, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hols3180.modifyDSO(3).docx